UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LADONNA HILL, | Case No. 2:17-cv-0353-APG-PAL |
| Plaintiff, | **ORDER REMANDING CASE** |
| v. | |
| WAL-MART STORES, INC., a foreign corporation d/b/a WAL-MART; DOES 1 through 10 INCLUSIVE; ROE ENTITIES 11 through 20, inclusive, | |
| Defendants. | |

Defendant WAL-MART STORES, INC. removed this case to federal court on February 3, 2017. The removing party has the burden of proving that removal is proper, and that this court may properly assert jurisdiction over the parties and dispute. In its Petition for Removal, Wal-Mart contends that the "Plaintiff has seven allegations in the Complaint in which she claims damages of 'in excess of $10,000.'" ECF No. 1 at 2:10-11. However, the Complaint alleges only four causes of action, each of which seeks damages "in excess of $10,000." ECF No. 1-1. Moreover, those causes of action appear redundant, as if pleaded in the alternative. The diversity jurisdictional amount is not satisfied simply by counting the number of times a plaintiff requests "in excess of $10,000." Regardless of the number of causes of action, a plaintiff can recover only once for her injuries.

Because Wal-Mart's Petition for Removal did not provide sufficient facts to justify jurisdiction, I ordered it to show cause why this action should not be remanded to the state court. ECF No. 7. In its Brief in response to my Order, Wal-Mart contends that plaintiff Hill is seeking "'[d]amages for loss of earnings and earning capacity incurred, both past and future,' which implies she is permanently disabled for the rest of his (sic) life to an extent that he (sic) was previously not before the incident." ECF No. 8 at 5:9-11 (quoting Complaint at 10:10-11). But seeking past and

future earnings losses does not mean that Hill contends she is permanently disabled. And the only evidence offered by Wal-Mart in support of its Brief is an incident report that suggests Hill may have a "bruised knee" and a "red and swollen left ankle." ECF No. 8-2 at 2. There is no other evidence in the record to show that Hill has suffered significant injuries such that the amount at issue in this case exceeds $75,000.

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Thus, courts "strictly construe the removal statute against removal jurisdiction." *Gaus, Inc.*, 980 F.2d at 566. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. Remand is required if the court lacks subject matter jurisdiction. 28 U.S.C. §1447(c); *see also Aguon-Schulte v. Guam Election Comm'n*, 469 F.3d 1236, 1240 (9th Cir. 2006) ("remand may be ordered either for lack of subject matter jurisdiction or for 'any defect' in the removal procedure").

"[I]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Broad allegations that the jurisdictional amount is met, "'although attempting to recite some 'magical incantation,' neither overcome[ ] the 'strong presumption' against removal jurisdiction, nor satisf[y][the defendant]'s burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds" $75,000. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006) (emphasis omitted) (quoting *Gaus*, 980

F.2d at 567); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("[R]emoval cannot be based simply upon conclusory allegations where the ad damnum is silent.") (internal quotations and citation omitted).

"Where a complaint is unclear as to the total amount of damages sought, but alleges only upper or lower limits or types of damages, a district court is free in its preponderance-of-the-evidence analysis to make estimations of the amount of damages that could be obtained consistent with the vague wording of the complaint." *Elliker v. Contractors Bonding & Ins. Co.*, 3:12-CV-00438-RCJ-WGC, 2013 WL 757621 at *1 (D. Nev. Feb. 27, 2013) (*citing Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700–01 (9th Cir. 2007)). In making such analyses, district courts can make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable," and "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-1062 (11th Cir. 2010) (internal quotation marks omitted). *See also Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief . . . requires the reviewing court to draw on its judicial experience and common sense").

Here, there is considerable doubt as to Wal-Mart's right to remove this case because it appears highly unlikely that the amount in controversy exceeds this court's jurisdictional threshold. Contrary to Wal-Mart's assertion, the complaint and incident report do not reflect injuries that are likely to permanently prevent Hill from working. Hills' vague allegation that her "conditions may be permanent and disabling in nature" (ECF No. 1-1 at 6) are insufficient to invoke this court's jurisdiction. Wal-Mart offers no evidence about the likelihood or amount of any future medical bills Hill may incur; nor has Wal-Mart offered any evidence about lost wages. Even adding some amounts for future medical bills and lost wages, the overall amount of recovery still appears small. Hill has not asserted claims for extra-contractual and punitive damages, and it does not appear likely that Hill would be entitled to recover her attorneys' fees under Nevada law. Based on my judicial, legal, and practical experience and common sense, I

find that Wal-Mart has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Roe*, 613 F.3d at 1061-1062; *Iqbal*, 556 U.S. at 679. Consequently, I must remand this action to state court.

IT IS THEREFORE ORDERED the case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

Dated: February 23, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE